UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHARLES M. CROONS,

                Plaintiff,

     -against-

NEW YORK STATE OFFICE OF MENTAL
HEALTH, CENTRAL NEW YORK PSYCHIATRIC
CENTER; DONALD SAWYER, Executive Director;
DEBBIE COLLVER; SHARON M. SCHOEN; and
JOHN DOE(S) and JANE DOE(S),

                Defendants.

_____

**<u>COMPLAINT</u>**

JURY TRIAL DEMANDED

Civil Action No. `6:10-CV-1277`
`(DNH/GHL)`

     Plaintiff Charles M. Croons, by and through his attorney, A.J. Bosman, Esq., for his

Complaint against Defendants, respectfully alleges as follows:

     1.  This is a Complaint under Title VII of the Civil Rights Act of 1964, as amended; the

Americans with Disabilities Act; 42 U.S.C. §§ 1981 and 1983; the Constitution of the United States;

and the Human Rights Law of the State of New York, to remedy violations of the rights of the

Plaintiff Charles M. Croons for injuries and harm caused by the Defendants.

<b>JURISDICTION AND VENUE</b>

     2.  This action is brought, in part, pursuant to 42 U.S.C. §§ 2000[e] et seq., 42 U.S.C. §§

1981 and 1983, and the First and Fourteenth Amendments to the United States Constitution.  This

action is for monetary damages as well as for declaratory, injunctive and equitable relief to redress

the deprivation of the Plaintiff's rights secured to him by the Constitution and laws of the United

-1-

States and the State of New York.  Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 1367 and the aforementioned statutory and constitutional provisions.

3.  Plaintiff invokes the original and supplemental jurisdiction of this Court to decide claims arising under Federal and New York State law including, but not limited to, claims that Defendants committed unlawful discriminatory and retaliatory practices relating to employment by denying Plaintiff equal terms, conditions and privileges of employment because of race and/or disability and/or because he opposed discrimination;  claims that Defendants violated Plaintiff's rights to equal treatment and protection of the laws; claims that Defendants deprived Plaintiff of his property and liberty interests in his job and good name and reputation;  and claims that Defendants violated Plaintiff's free speech rights.

4.  This Court has supplemental jurisdiction over Plaintiff's New York State law claims including claims under the New York State Human Rights Law, N.Y. Exec. Law §§ 290, et seq. pursuant to 28 U.S.C. § 1367.

5.  Venue is proper in the Northern District of New York in that the unlawful employment practices and constitutional violations alleged herein were committed in whole or part in the Northern District.

**CONDITIONS PRECEDENT**

6.  On or about June 26, 2009, Plaintiff filed a charge of discrimination and retaliation with the New York State Division of Human Rights ("DHR").  Plaintiff's DHR complaint was cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC") pursuant to a work-share

agreement enjoyed by the two agencies.

7.  On or about July 27, 2010, the EEOC issued a Notice of Right to Sue letter to Plaintiff.

8.  Plaintiff has timely commenced the instant action within all time limits allotted therefor.

**PARTIES**

9.  At all times hereinafter mentioned, Plaintiff Charles M. Croons is a natural citizen of the United States and resides in the County of Oneida, State of New York.  He is Black and suffered from a qualifying disability under the Americans with Disabilities Act.

10.  At all times hereinafter mentioned, Defendant New York State Office of Mental Health, Central New York Psychiatric Center is organized and existing under the laws of the State of New York and maintains a place of business in the Town of Marcy, County of Oneida, State of New York.

11.  At all times hereinafter mentioned, Defendant Donald Sawyer is a natural citizen of the United States and the Executive Director of the Central New York Psychiatric Center.  Upon information and belief, Defendant Sawyer is the highest ranking supervisory official in the Central New York Psychiatric Center. He is sued in his individual and official capacity.  At all times relevant hereto, Defendant Sawyer had authority over the terms and conditions of Plaintiff's employment with the Defendant employer.

12.  At all times hereinafter mentioned, Defendant Debbie Collver is a natural citizen of the United States and an employee of the Central New York Psychiatric Center.  She is sued in her individual and official capacity.  At all times relevant hereto, Defendant Collver had authority over the terms and conditions of Plaintiff's employment.

-3-

13.   At all times hereinafter mentioned, Defendant Sharon M. Schoen is a natural citizen of the United States and an employee of the Central New York Psychiatric Center.  She is sued in her individual and official capacity.  At all times relevant hereto, Defendant Schoen had authority over the terms and conditions of Plaintiff's employment.

14.   At all times hereinafter mentioned, the Defendants were acting under the color of New York State law.

**FACTS**

15.   Plaintiff Charles M. Croons, an African-American male, was formerly an employee of the State of New York Office of Mental Health, Central New York Psychiatric Center.

16.   On or about June 1, 2007, Plaintiff suffered a work related injury rendering him disabled. His injury required him to be out of work for a period of time.

17.   Before the expiration of the one year time period to return, Plaintiff requested that he be returned to work on a light duty assignment.  Plaintiff was qualified to return in a light duty capacity and was cleared to do so by his treating physician.  Numerous similarly situated White employees were afforded this accommodation yet Plaintiff's requests were refused.  Plaintiff's position was terminated on or about July 13, 2008.

18.   Pursuant to Plaintiff's request, a fitness to return to work evaluation was completed by the New York State Department of Civil Service on or about February 10, 2009.  By letter dated February 11, 2009, Plaintiff was declared fit by said Department to perform the full duties of Security Hospital Treatment Assistant.  Plaintiff thereafter made repeated requests to return which

were ignored.  Upon information and belief, similarly situated White employees were returned to work even though, like Plaintiff, they had been terminated for not returning within one year.

19.  The Plaintiff had a qualifying disability under the Americans with Disabilities Act ("ADA").  The acts or omissions as aforesaid infringe upon the rights of the Plaintiff under the ADA, among other laws.  Plaintiff has been discriminated against based upon his disability.

20.  As set forth above, Plaintiff was subjected to a continuous series of illegal and discriminatory and retaliatory acts, unfair actions, policies, practices, and procedures because of Plaintiff's race and disability and because of his assertion of his contractual, civil and constitutional rights.  Said wrongs, acts, and violations are and were too numerous to count and intentional and/or reckless and/or negligent and have caused Plaintiff harm, injury, psychological harm, and damages including but not limited to:

    (a)    Plaintiff has been deprived of income in the form of wages, benefits, promotional opportunities and job assignments which were made or denied because of Plaintiff's race and disability and Defendants' discriminatory and retaliatory acts and policies;

    (b)    Plaintiff has suffered physical harm in the form of stress, tension, headaches, stomach aches, sleeplessness, nervousness, anxiety, fear and dread, extreme anxiety, embarrassment, humiliation, degradation, depression, insomnia, anger, family discord and dysfunction and pain;

    (c)    Plaintiff has been forced to suffer severe emotional distress, mental anxiety, depression, and psychological trauma;

    (d)    Plaintiff has been denied equitable employment compensation, equitable employment terms and conditions and privileges of employment because of his race and/or disability and/or opposition to discrimination;

    (e)    Plaintiff has been subjected to damage to his good name, humiliation, indignity and shame;

-5-

(f)     Plaintiff has suffered injury to his family and community relations amongst his peers and co-workers;

(g)     Plaintiff has been caused to incur legal fees and expenses and will incur additional legal fees in the future, to protect Plaintiff's rights and interests from the wrongful and unlawful actions of the Defendants herein;

(h)     Plaintiff has suffered deprivation of his property and liberty, invasion of his privacy and has otherwise suffered deprivation of his human, civil and Constitutional rights in violation of the laws and Constitutions of the United States and the State of New York;

(i)     Plaintiff has been otherwise damaged.

**AS AND FOR A FIRST AND SECOND CAUSE OF ACTION
PURSUANT TO TITLE VII AND THE NYS HUMAN RIGHTS LAW
(DISCRIMINATION ON THE BASIS OF RACE)**

21.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 20 above.

22.  By engaging in the foregoing conduct, Defendants have violated rights guaranteed to the Plaintiff under Title VII and the Human Rights Law of the State of New York in that Plaintiff was subjected to disparate treatment and otherwise discriminated against because of his race.

23.  Defendant Central New York Psychiatric Center is an "employer" under Title VII and N.Y. Exec. Law § 292(5) and is liable as such.

24.  Defendants DONALD SAWYER; DEBBIE COLLVER; SHARON M. SCHOEN; JOHN DOE(S) and JANE DOE(S), are liable under N.Y. Exec. Law § 296(6) as persons who aided, abetted, incited, compelled and/or coerced the unlawful actions herein.

25.  As aforementioned, Plaintiff has sustained damages by reason of the Defendants'

wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A THIRD AND FOURTH CAUSE OF ACTION
## PURSUANT TO THE ADA AND THE NYS HUMAN RIGHTS LAW
## (DISCRIMINATION ON THE BASIS OF DISABILITY)

26.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 25 above.

27.  By engaging in the foregoing conduct, Defendants have violated rights guaranteed to the

Plaintiff under the ADA and the Human Rights Law of the State of New York in that Plaintiff was

discrimination against on the basis of disability.

28.   As aforementioned, Plaintiff has sustained damages by reason of the Defendants'

wrongful actions and omissions and is entitled to compensation therefor.

## AS AND FOR A FIFTH CAUSE OF ACTION
## PURSUANT TO 42 U.S.C. § 1983
## (EQUAL PROTECTION)

29.   Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 28 above.

30.  By engaging in the foregoing conduct, Defendants have violated rights guaranteed to the

Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States

Constitution in that Plaintiff was discriminated against because of his race.

31.   Defendants DONALD SAWYER; DEBBIE COLLVER; SHARON M. SCHOEN;

JOHN DOE(S) and JANE DOE(S),  are individually and collectively responsible for the deprivation

of Plaintiff's constitutional rights.

32.  As aforementioned, Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**AS AND FOR A SIXTH CAUSE OF ACTION
PURSUANT TO 42 U.S.C. § 1981
(DISCRIMINATION ON THE BASIS OF RACE)**

33.  Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32 above.

34.  By engaging in the foregoing conduct, Defendants have violated rights guaranteed to the Plaintiff under 42 U.S.C. § 1981 in that Plaintiff was subjected to disparate treatment and otherwise discriminated against because of his race.

35.  As aforementioned, Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions and is entitled to compensation therefor.

**PUNITIVE DAMAGES**

36.  Some or all of the acts and/or omissions of the Defendants herein were outrageous; were done in a deliberate, callous, malicious, wanton and oppressive manner intended to injure Plaintiff; were done with an improper and evil motive, amounting to malice and spite;  and were done in conscious disregard of Plaintiff's rights.  Plaintiff is therefore also entitled to an award of punitive damages.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendants as follows:

(a)     judgment awarding Plaintiff compensatory damages in an amount not less than $2,000,000.00 (Two Million Dollars);

(b)     judgment awarding Plaintiff punitive damages in an amount not less than $3,000,000.00 (Three Million Dollars);

(c)      for each Cause of Action, granting the following injunctive relief:

1. Restraining the Defendants from engaging in further discriminatory and/or retaliatory treatment;

2. Require the Defendants to review and correct all unconstitutional, discriminatory and retaliatory treatment and conduct within the Central New York Psychiatric Center;

3. Provide equal opportunities, terms, benefits, and pay to all employees in the Central New York Psychiatric Center regardless of race;

4. Mandate training and educational programs for employees about retaliation and discrimination;

5. Require annual reports demonstrating efforts and success at compliance in providing a discrimination and retaliation free workplace;

6. Restoring Plaintiff to his position and all attendant benefits and privileges; and

(d) pre-judgment and post-judgment interest on all amounts due;

(e) attorney's fees under Title VII, the ADA and 42 U.S.C. Section 1988;

(f) declaratory relief that the Defendants have violated the Plaintiff's rights under the law;

(g) granting such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a jury trial of all claims herein.

Dated: October 25, 2010

s/A.J. Bosman
A.J. Bosman, Attorney at Law

Office and Post Office Address:
6599 Martin Street
Rome, New York 13440

-9-

Telephone: (315) 336-9130

Attorney for Plaintiff